T.C. Summary Opinion 2001-123

UNITED STATES TAX COURT

ROLLY J. AND JOANN M. SORRENTINO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3288-00S.                    Filed August 8, 2001.

Rolly J. Sorrentino, pro se.

Randall L. Preheim, for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,626 in petitioners'
1995 Federal income tax.

---

[1]    Unless otherwise indicated, section references
hereafter are to the Internal Revenue Code in effect for the year
at issue.

The sole issue for decision is whether petitioners are liable for the alternative minimum tax (AMT) under section 55.[2]

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Wheat Ridge, Colorado.

Petitioners filed a joint Federal income tax return for 1995 on which they reported taxable income of $27,267, based on the following gross income items:

| | |
|---|---:|
| Wages and salaries | $81,644 |
| Taxable interest income | 520 |
| Dividend income | 27 |
| Schedule E real estate loss | (11,422) |
| Unemployment compensation | 4,025 |
| Nonemployee compensation | 5,156 |
| Total income | $79,950 |

Petitioners' return included a Schedule A, Itemized Deductions, in which they claimed itemized deductions for the following:

---

[2] The deficiency includes self-employment tax under sec. 1401(a) on self-employment income of $5,156 that petitioners reported as nonemployee compensation on their 1995 return but for which they paid no self-employment tax. Petitioners conceded this issue at trial. Another adjustment in the notice of deficiency disallowed petitioners' child care credit under sec. 24 in the amount of $901 because of respondent's determination that petitioners were liable for the alternative minimum tax (AMT). See sec. 24(d)(2). This adjustment will be resolved by the Court's holding on the AMT issue.

| | |
|---|---|
| State and local taxes paid | $ 6,033 |
| Home mortgage interest | 4,062 |
| Charitable contributions | 4,077 |
| Job expenses and other miscellaneous deductions | |
| (in excess of 2% of adjusted gross income) | 21,511 |
| Total itemized deductions | $35,683 |

Petitioners' tax, prior to credits, was $4,091. Respondent made no adjustments to either the income or the itemized deductions on petitioners' return. Petitioners' return also included a Form 6251, Alternative Minimum Tax--Individuals (the form), which reflected zero alternative minimum tax. Respondent determined that petitioners were liable for the AMT.

Section 55(a) imposes a tax equal to the excess of the tentative minimum tax over the regular tax. The tentative minimum tax for noncorporate taxpayers is equal to 26 percent of so much of the taxable excess as does not exceed $175,000. See sec. 55(b)(1)(A)(i). The taxable excess is that amount by which the alternative minimum taxable income (AMTI) exceeds the exemption amount. See sec. 55(b)(1)(A)(ii). The exemption amount for married couples filing a joint return is $45,000. See sec. 55(d).

AMTI equals the taxpayer's taxable income for the year determined with the adjustments provided in section 56. See sec. 55(b)(2). In calculating AMTI, no deduction is allowed for miscellaneous itemized deductions or for State and local taxes paid, unless such amounts are deductible in determining adjusted

gross income.  See sec. 56(b)(1).  Also, no deduction for personal exemptions under section 151 is allowed.  See sec. 56(b)(1)(E).

Petitioners incorrectly completed the form submitted with their return in calculating their liability for AMT.  On part III of the form, petitioners correctly listed their exemption amount as $45,000 on line 22.  On line 23 (which subtracts the exemption amount from the AMTI, line 21), petitioners listed $28,873, which respondent corrected to $24,811, an adjustment that favors petitioners.  Line 24 then provides the following directions: "If line 23 is $175,000 or less ($87,500 or less if married filing separately), multiply line 23 by 26% (.26).  Otherwise, multiply line 23 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result".  Petitioners calculated the entry for line 24 on the basis of the second sentence recited above in which they multiplied the amount on line 23 by 28 percent, from which they subtracted $3,500.  The resulting amount, which they listed on line 24, was less than their tax liability of $4,091 shown on their Form 1040, U.S. Individual Income Tax Return.  Thus, since the tentative minimum tax was less than the tax shown on Form 1040, petitioners entered -0- on line 28, AMT.  In the notice of deficiency, respondent calculated the AMT as 26 percent of line 23 without a reduction of $3,500.  This resulted in an amount on line 24 that exceeded the tax shown

on petitioners' Form 1040, and this excess constitutes the AMT determined in the notice of deficiency.

At trial, Rolly J. Sorrentino (petitioner) contended that line 24 of the form is ambiguous as well as the instructions for calculation of the amounts for that line.

The Court disagrees with petitioner. Section 55(b)(1)(A)(i)(I) and (II) provides, in pertinent part, that the amount of the AMT in the case of noncorporate taxpayers is the sum of:

> (I) 26 percent of so much of the taxable excess as does not exceed $175,000, plus

> (II) 28 percent of so much of the taxable excess as exceeds $175,000.

Since petitioners' taxable excess was $24,811, which is considerably less than $175,000, the directions for line 24 of the form in clear terms stated that petitioners' entry on line 24 should have been 26 percent of $24,811, and the $3,500 to be subtracted from the resulting calculation only applied if petitioners' taxable excess had been $175,000 or more. The Court finds no ambiguity as to this entry or the basis upon which the computation was to be made as directed on line 24 of the form. Petitioners, therefore, erred in making their computation for the entry on line 24.

Petitioners further contend they relied on the instructions the Commissioner issued for the form. The portion of the instructions petitioners rely on states:

General Instructions

Purpose of Form

The tax laws give special treatment to some types of income and allow special deductions for some types of expenses. These laws enable some taxpayers with substantial economic income to significantly reduce their regular tax. The purpose of the alternative minimum tax (AMT) is to ensure that these taxpayers pay a minimum amount of tax on their economic income. Use Form 6251 to figure the amount, if any, of your AMT.

Petitioner argued that he and his spouse did not have substantial economic income, and, therefore, the AMT was not intended to apply to them. While there may be differences of opinion as to what constitutes substantial economic income, the short answer to petitioners' argument is that whatever amounts result from the computations provided for by the statute, those amounts constitute the AMT. Whether that amount is inequitable is a matter more appropriately left for congressional resolution. Benci-Woodward v. Commissioner, 219 F.3d 941 (9th Cir. 2000), affg. T.C. Memo. 1998-395. Moreover, even if instructions are incorrect or misleading, the Commissioner is not bound by guidance he provides to assist taxpayers in filing tax returns where such guidance is contrary to the law. Dixon v. United

States, 381 U.S. 68 (1965); Automobile Club v. Commissioner, 353 U.S. 180 (1957).

The Court, therefore, sustains respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.